## 33128. WILLIAMS v. REDD et al.

GARDNER, J. (a) The plaintiff in error here was the plaintiff in the court below. He entered suit against the defendant to recover $450 which he claimed the defendant owed him by reason of a controversy regarding repairs of property which the plaintiff had purchased from the defendant. There is considerable evidence concerning the contract for the repairs in question and whether or not the repairs were made according to the contract which was entered into whereby the defendant was to do such repairs for and on behalf of the plaintiff, the purchaser, who was at the time, according to the record, financially unable to do such repairs, and the defendant undertook to do the requisite repairs for and on behalf of the plaintiff and the plaintiff was to repay the defendant. The repairs, according to the record, were to be in the amount of $700. The defendant did not do repairs to this amount, but did do some repairs and because of lack of material he did not do all of the repairs. There is a controversy as to the extent of the repairs done and the cost thereof. It appears from the record that the plaintiff could not read or write; that he was away from the premises a portion of the time when such repairs were done. And it further appears that the plaintiff contends that he had agreed to pay $450 for repairs but that this amount of repairs was not done by the defendant and that he was overreached by the defendant because he did not agree to pay for repairs but to keep from losing the property, and that while he paid for such repairs he did not owe such amount; that he merely paid them under stress by the defendant that the defendant would take the property which the plaintiff had purchased from the defendant if the plaintiff did not pay for the repairs to the extent of $450. So it is contended by the plaintiff that he paid the purchase-price according to the original contract of sale and that the $450 for repairs which the defendant claimed to have made on the property on his behalf, but which repairs were not made, was also paid. The defendant contended that the repairs were made, and that the plaintiff owed the amount therefor.

The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial on the general grounds. The court granted it. On this judgment the plaintiff assigned error on the ground that the court erred in granting a new trial to the defendant.

(b) This was the first grant of a new trial. Code § 6-1608, reads, "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it and that the law and facts required the verdict notwithstanding the judgment of the presiding judge." In the case of *Weinkle* v. *Brunswick R. Co.,* 107 *Ga.* 367, 368 (33 S. E. 471), Judge Cobb, acting for the court, said: "It may be now considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law; unless it is

136

made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial."

This court in the case of *Carter* v. *Powell*, 57 *Ga. App.* 360, 375 (195 S. E. 466), made this statement: "It could not be contended under the facts of this case, that the verdict rendered for the plaintiff was demanded." Neither can it be said in the instant case that the verdict rendered under this record, was demanded.

The court did not abuse its discretion in the first grant of a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED JULY 14, 1950.

*Lucian J. Endicott*, for plaintiff.

*John L. Westmoreland, John L. Westmoreland Jr., J. Ralph McClelland Jr.*, for defendants.